## MONLLOR & Co. *v.* HUTCHISON, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *certiorari*.

No. 96.—Resuelto en noviembre 15, 1912.

SENTENCIAS DICTADAS POR LAS CORTES DE DISTRITO EN CASOS APELADOS DE LAS CORTES MUNICIPALES—INTERPRETACIÓN DE LA REGLA 34 DE LAS DE LAS CORTES DE DISTRITO.—La regla 34 de las de las cortes de distrito debe interpretarse en harmonía con la ley de marzo 11, 1908, que es la vigente sobre la materia, y de acuerdo con dicha ley no es nula en absoluto una sentencia dictada por una corte de distrito antes de los diez días especificados en la regla 34 y a virtud de un juicio celebrado en ausencia de una de las partes, sobre todo cuando aparece, como en el caso de autos, que el pleito se incluyó en el calendario, que el señalamiento se hizo en el calendario, que la parte que se queja tenía abogado desde la corte municipal y que su abogado fué notificado de la apelación interpuesta.

ANULACIÓN DE SENTENCIA—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR—IMPOSICIÓN DE CONDICIONES PARA ANULAR UNA SENTENCIA.—Una orden anulando o rehusando anular una sentencia, en virtud de las facultades que concede a una

corte el artículo 140 del Código de Enjuiciamiento Civil, descansa en la dis-
creción del tribunal, y el juez puede imponer condiciones para anular su sen-
tencia, tales como el pago de las costas causadas.

ID.—INCUMPLIMIENTO DE LA CONDICIÓN IMPUESTA.—Cuando la condición impuesta
por la corte al anular su propia sentencia, no ha sido cumplida por la parte
a quien se impuso dicha condición, la corte tiene la facultad de dejar sin
efecto la orden anulando su sentencia, restableciendo así las cosas al ser y
estado que tenían antes de haberse dictado dicha orden.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. E. P. Gibson.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Monllor y Cía. entablaron una demanda en la Corte Mu-
nicipal de Salinas contra Cordero y Torres, en cobro de
$428, y, para asegurar la efectividad de la sentencia que
pudiera dictarse, hicieron embargar ciertos efectos y pro-
visiones que se encontraban en un establecimiento mercantil.
En tal estado el pleito, Rosendo Ocasio inició un procedi-
miento de tercería reclamando como suyos los bienes embar-
gados, procedimiento que fué resuelto en contra del Ocasio y
a favor de Monllor y Cía., por sentencia dictada por la
corte municipal el 11 de octubre de 1911. Ocasio apeló para
ante la Corte de Distrito de Guayama. El escrito de apela-
ción fué notificado a E. P. Gibson, abogado de Monllor y Cía.
Los autos se radicaron en la corte de distrito el 15 de no-
viembre de 1911, el señalamiento se hizo en el calendario y la
vista se celebró, en ausencia de Monllor y Cía., el 21 de
noviembre de 1911. Ocasio presentó prueba y la corte decidió
la tercería en su favor y en contra por consiguiente de Mon-
llor y Cía. Esta sociedad, por medio de su abogado, el 24 de
noviembre de 1911, pidió a la corte que usando de las facul-
tades que le confería el artículo 140 del Código de Enjui-
ciamiento Civil, dejara sin efecto la sentencia dictada, ale-
gando como causa la ignorancia del señalamiento de la vista
para el 21 de noviembre. La petición fué acompañada de
varios *affidavits* y resuelta favorablemente por el juez del
distrito, bajo la condición de que Monllor y Cía. pagaran las

costas causadas ascendentes a sesenta pesos y prestaran una
fianza de cien más.   De esta resolución dictada el 4 de di-
ciembre de 1911, apeló Ocasio para ante este Tribunal Su-
premo y la apelación fué desestimada en 24 de mayo de 1912
por falta de jurisdicción.

Devuelto el caso a la corte del distrito, Ocasio, el 14 de
octubre de 1912, solicitó que la corte anulara la orden de
4 de diciembre, 1912, por no haber Monllor y Cía. cumplido
con la condición que se les impuso.   Monllor y Cía. impug-
naron la solicitud de Ocasio alegando que no venían obligados
a cumplir la condición impuesta por la corte, porque la corte
no tenía facultades para imponerla.   Y la corte, en 22 de
octubre de 1912, anuló su orden condicional y dejó subsistente
su anterior sentencia.

Monllor y Cía. acudieron entonces a este Tribunal
Supremo por medio de una solicitud de *certiorari.*  Expedido
el auto, se celebró la vista del mismo, sin que comparecieran
las partes, el 11 de noviembre de 1912.   Los hechos que
hemos expuesto constan de la solicitud de *certiorari* y de las
diligencias originales enviadas por la corte de distrito en
cumplimento del auto expedido.

Para basar su afirmación de que la corte de distrito
no tenía facultades para dictar una orden condicional, alegan
los recurrentes que habiéndose radicado el récord de la corte
municipal en la del distrito el 15 de noviembre de 1911, no
pudo celebrarse la vista del pleito el 21 del mismo mes,
por ser contrario a lo que dispone el último párrafo de la
regla 34 de las de la corte de distrito, que dice así:   "En
cualquier tiempo después de los diez días del recibo del récord
de la corte inferior, esta corte procederá a juzgar y disponer
del caso."   Los recurrentes sostienen que era el deber del
juez anular la sentencia dictada sin imponerles condiciones.

Dicha regla 34 fué aprobada en el año de 1904, cuando no
existía disposición alguna en la ley relativa a las apelaciones
de las sentencias dictadas por las cortes municipales en plei-

tos civiles. El 11 de marzo de 1908 se aprobó una ley sobre la materia y en ella se dispone que una vez interpuesta apelación contra una sentencia dictada por una corte municipal en un pleito civil, "la corte de distrito anotará la causa en el calendario o lista de señalamientos de pleitos civiles que hayan de verse oportunamente, conforme a las disposiciones de la ley y al reglamento judicial para el régimen del calendario." (Leyes de 1908, pág. 124.)

Dicha ley de 11 de marzo de 1908 es la vigente sobre la materia y la regla 34 debe interpretarse en armonía con la misma, y así interpretada, no puede producir la nulidad absoluta de una sentencia dictada antes de los diez días especificados en la regla y a virtud de un juicio celebrado en ausencia de una de las partes, tanto más cuando aparezca como aparece en el presente caso que el pleito se incluyó en el calendario, que el señalamiento se hizo en el calendario, que la parte que se queja tenía abogado desde la corte municipal, y que su abogado fué notificado de la apelación interpuesta.

La sentencia de 21 de noviembre de 1911 no era, pues, nula *per se,* sino anulable, a discreción de la corte, en uso de las facultades que en bien de la justicia le concede el artículo 140 del Código de Enjuiciamiento Civil.

"Una orden anulando o rehusando anular una sentencia dictada en rebeldía, descansa en la discreción legal de la corte, discreción que debe ejercitarse de acuerdo con la ley." (*McGowan* v. *Krelin,* 117 Cal., 31; *Morton* v. *Morton,* 117 Cal., 443.)

Al ejercitar su discreción para dejar sin efecto una sentencia, es bien claro que el juez puede imponer, como impuso en este caso, como condición, el pago de las costas causadas.

"Al dejar sin efecto una rebeldía, pueden imponerse generalmente términos y condiciones, más o menos severos, según las circunstancias lo exijan." (*Watson* v. *S. T. & H. B. R. R. Co.,* 41 Cal., 17.)

"El pago de todas costas causadas a la parte contraria al tiempo de presentarse la solicitud, puede imponerse como

una condición precedente a la concesión de la anulación de la sentencia en rebeldía." (*The People* v. *O'Connell et al.,* 23 Cal., 282; *Heermanr* v. *Sawyer,* 48 Cal., 562.)

Y si la condición impuesta no se cumple, como no se cumplió por parte de Monllor y Cía., es bien claro también que la corte puede dejar sin efecto su concesión y restablecer las cosas al ser y estado que antes tenían, como lo hizo el Juez de Distrito de Guayama en este pleito.

"Cuando las condiciones impuestas no se cumplen, la sentencia quedará en toda su fuerza y vigor, lo mismo que si no se hubiere anulado." (*Hartman* v. *Olvera,* 49 Cal., 101.)

No apareciendo que se haya cometido por la Corte de Distrito de Guayama ningún error de jurisdicción o procedimiento, debe anularse el *certiorari* expedido por esta Corte Suprema y devolverse los autos a la corte de su origen para que continúe tramitándolos de acuerdo con la ley.

*Denegada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.