Merino, Demandante y Apelante, *v.* The Globe Rutgers Fire Insurance Company, Demandada y Apelada.

No. 3171.—*Visto:* Marzo 4, 1924. *Resuelto:* Junio 18, 1924.

Cobro de Póliza de Seguro—Discreción Judicial—Negligencia Excusable—Anulación de Sentencia.—Cinco y medio meses después de dictada sentencia en un pleito sobre cobro de seguro marítimo, la cual se fundó en el hecho de que contraviniendo los términos de la póliza el traspaso de ésta y de la embarcación asegurada se hicieron sin el consentimiento de la compañía, el demandante pidió a la corte que dejara sin efecto la sentencia pues por error el abogado que inició el pleito omitió alegar y dejó de probar que la póliza contenía una cláusula manuscrita que autorizaba el traspaso. *Se resolvió:* que la corte inferior tenía facultad, de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, para anular su sentencia y oír a las partes a fin de determinar si el demandante probó un caso de abandono excusable.

RESOLUCIÓN de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar moción de reconsideración de sentencia. *Revocada.*

*Antonsanti & Lacosta,* abogados del apelante; *J. Sifre, Jr.,* y *J. H. Franceschi,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta fué una acción en cobro de una póliza de seguro marítimo. Una de las cláusulas de la póliza disponía que el seguro sería nulo si la póliza se traspasase a otra persona sin el consentimiento de la compañía. La póliza fué traspasada sin tal consentimiento y la corte inferior dictó sentencia a favor de la compañía demandada.

Como a los cinco meses y medio después de dictada la sentencia otro abogado presentó una moción solicitando de la corte que dejara sin efecto la sentencia y concediera un nuevo juicio por virtud de las disposiciones del artículo 140 del Código de Enjuiciamiento Civil.

En dicha moción el demandante expresaba que la póliza contenía una cláusula por escrito que decía ''Por cuenta de quien corresponda'' y que estas palabras habían sido interpretadas en el sentido de dar al asegurado el derecho a traspasar la póliza sin el consentimiento de la compañía y ésta es aparentemente la ley. *Hagan et al.* v. *Scottish Union & National Insurance Company,* 98 Fed. 129. El mismo caso en 186 U. S. 423.

La moción para que se dejara sin efecto la sentencia no estaba jurada y en ella no hay nada que indique cuándo fué que el demandante o su abogado descubrieron por primera vez la alegada debida interpretación de dicha cláusula por escrito de la póliza. El abogado ciertamente alega que los autos del caso demuestran que ni a las palabras en particular, ni a su interpretación, se llamó la atención de la corte durante el primitivo juicio del caso.

La corte inferior al presentarse la moción para dejar sin efecto la sentencia llamó la atención hacia el hecho de

que la moción no estaba jurada, pero la corte resolvió que
el término para apelar o presentar una moción de nuevo
juicio había vencido y por tanto la corte rehusó conceder
un nuevo juicio. La corte incurrió en error al estimar
que no tenía discreción para dejar sin efecto la sentencia.
El artículo 140 concede por sus términos seis meses para
pedir que se deje sin efecto una sentencia por el funda-
mento de abandono excusable u otra causa semejante.

El apelante hizo varias citas para demostrar el alcance
de la facultad de la corte inferior, y hemos encontrado una
que guarda íntima relación con el presente caso. *McCredy*
v. *Woodcock*, 41 App. Div., N. Y. 526. Esa fué una ac-
ción en cobro de una póliza de seguro y el demandante ob-
tuvo sentencia por menos de la cantidad a que tenía dere-
cho y el error sólo se descubrió después de celebrado el jui-
cio de otra acción. La corte dijo: ''No surge perjuicio
verdadero para los aseguradores. Hasta aquí sólo han
sido exonerados por un error técnico en una alegación, y
su exención de responsabilidad por razón de la póliza sur-
gió debido a un error del que alega (*pleader*) y en manera
alguna tiene relación con los méritos de una controversia.
Es indudablemente un caso extremo y no puede sentarse
ninguna regla general para conceder o negar mociones de
esta clase. Cada caso debe regularse por sus mismas cir-
cunstancias. Aquí, al concederse el remedio solicitado en
la moción las partes pueden volver a quedar en su posi-
ción primitiva sin ninguna injusticia para una ni otra,
pero debe ser bajo las debidas condiciones.'' Se concedió
la solicitud interesando dejar sin efecto la sentencia bajo
condiciones por las cuales el demandante pagó las costas.

La apelada llama la atención a la falta de un *affidavit*
de méritos, pero el demandante ya había jurado su de-
manda, lo cual, por lo menos *prima facie,* revelaba una
buena causa de acción.

Debido al error de la corte en creerse sin facultades
para conocer de la moción, debe revocarse la resolución

apelada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión. Cuando el caso sea devuelto la corte puede considerar los méritos de la moción y oir a las partes por *affidavit,* o de otro modo, para determinar si el demandante probó un caso de abandono excusable y si solicitó prontamente que se dejara sin efecto la sentencia después de descubrir el error. En relación con esto la siguiente cita es pertinente:

"Derecho al Remedio . . . . . Además, para que él mismo pueda tener derecho a este remedio, la parte que presenta la moción debe demostrar una razón suficiente por la cual no sostuvo e hizo valer sus derechos a su debido tiempo y en la forma ordinaria. . . . . Y debe excusarse de toda imputación de negligencia o abandono, pues la sentencia no será modificada si resulta que fué dictada como consecuencia de su mismo descuido, pereza o falta de diligencia en proteger sus propios intereses." 23 Cyc. 894.

Somos también de opinión de que en la discreción de la corte, la sentencia de marzo 23, 1923, en tanto impuso costas y honorarios de abogado al demandante podía subsistir si han sido cobrados, pero si no la cuestión debe quedar para la resolución final del caso.