Ramón Cosme, demandante y apelante, v. Pedro García, demandado y apelado.

No. 3870.—*Visto:* Mayo 21, 1926. *Resuelto:* Julio 30, 1926.

Sentencias—Dejar Sentencia sin Efecto o Anularla—Negligencia Excusable—Ausencia de la Parte y su Abogado del Juicio—En General.—Dictada sentencia contra un demandado en ausencia de éste y su abogado al no comparecer al juicio, si las alegaciones juradas muestran una verdadera contienda entre las partes y el abogado estaba impedido de asistir al juicio, los fines de la justicia se cumplen mejor dejando sin efecto dicha sentencia reponiéndose el caso al estado en que estaba antes del juicio aun cuando el demandado sólo pidiera a la corte que se le permitiera presentar su evidencia, con mayor motivo cuando la corte impone al demandado el pago de los gastos incurridos por razón del juicio.

Resolución de *Pablo Berga,* J. (San Juan), dejando sin efecto sentencia ya dictada en el caso, y reponiendo éste al estado en qué se encontraban los procedimientos a la fecha de la vista. *Confirmada.*

*Miguel García González,* abogado del apelante; *Francisco Soto Gras,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Este pleito fué establecido en la Corte de Distrito de San Juan por indemnización de daños y perjuicios y la demanda jurada imputa negligencia al demandado. El demandado en su contestación jurada negó la negligencia que le imputa el demandante y alegó que por culpa de éste ocurrió el accidente por el cual se reclama.

Señalado el día 11 de diciembre de 1925 a las 9 de la mañana para la celebración del juicio no compareció el demandado ni su abogado Don Salvador Suau y habiendo practicado su prueba el demandante recayó sentencia a su favor al día siguiente concediéndole $2,800, cuya notificación por correo al Sr. Suau archivó el Secretario el 15 de diciembre. Dos días después el abogado F. B. Fornaris compareció por escrito ante la corte manifestando bajo juramento que recibió la notificación de la sentencia el 15 de diciembre: que estando ausente de esta isla desde hace algún tiempo su compañero Sr. Suau el abogado que compa-

rece se hizo cargo de su bufete: que siendo la práctica del secretario de la corte notificar a los abogados los señalamientos para juicio con cinco días de antelación a ellos creyó que se le notificaría el señalamiento hecho en este pleito, pero que el Secretario, según su manifestación ha suspendido esa práctica desde el mes de diciembre; que aun cuando hubiese estado advertido de la fecha del señalamiento no hubiera podido concurrir a él porque en la fecha del juicio estaba en Ponce bajo las órdenes de aquella corte de distrito como testigo en un proceso criminal: y que el demandado tiene una buena y justa defensa en los méritos del pleito y certeza de que producida su prueba obtendrá un fallo favorable, por lo que solicitó que de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil se le exima de los efectos de la sentencia y le permita presentar prueba de su defensa de acuerdo con su contestación a la demanda.

La corte de distrito desestimó el primero de los fundamentos de la petición pero por el segundo y por los intereses de la justicia dejó sin efecto la sentencia dictada y repuso el caso al estado en que se encontraba antes de tener lugar su vista, imponiendo como condición al demandado el pagar las costas y desembolsos en que haya incurrido el demandante por razón de su comparecencia al juicio.

Contra esa resolución interpuso esta apelación el demandante, alegando que la petición del demandado no es suficiente, que fueron apreciados hechos distintos de los alegados, que no era motivo para la resolución el haber estado de testigo en Ponce y porque concedió más de lo pedido.

Estamos convencidos de que los fines de la justicia se cumplen mejor en este caso dejando sin efecto la sentencia dictada en ausencia del demandado y de su abogado cuando las alegaciones juradas muestran una verdadera contienda entre las partes a que subsista una sentencia contra el demandado por $2,800 cuando el abogado del demandado estaba impedido de asistir al juicio por estar citado como

testigo en otra corte de distrito y de que la corte tenía facultad de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil para reponer el caso al estado en que se encontraba antes del juicio aunque sólo se le pidiera por el demandado que se le permitiera presentar su evidencia, con mayor motivo cuanto que como condición de la resolución de la corte se impuso al demandado el deber de pagar los gastos en que había incurrido el demandante por razón del juicio celebrado y no vemos una fuerte razón para decir que la corte inferior hizo mal uso de los poderes discrecionales que tiene.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison no intervino en la resolución del caso.