JUAN ARCE REICES, demandante y apelado, *v.* AMERICAN RAILROAD Co. OF PORTO RICO, demandada y apelante.

No. 4470.—*Visto:* Mayo 3, 1928. *Resuelto:* Mayo 31, 1928.

M. *Acosta Velarde,* abogado de la apelante; B. *Esteves,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante obtuvo sentencia en rebeldía contra la demandada. Esta última compareció ante la corte y solicitó un nuevo juicio, así como que se dejara sin efecto la sentencia, de conformidad con las disposiciones del artículo 140 del Código de Enjuiciamiento Civil. La Corte de Distrito de

Aguadilla se negó a acceder a la moción de nuevo juicio, pero dejó sin efecto la sentencia por virtud del artículo 140, *supra*. Sin embargo, al hacer uso de su discreción para dejar sin efecto la sentencia, la corte lo hizo condicionalmente. La condición era que la demandada depositara en la corte, a disposición del abogado del demandante, la suma de $200 para cubrir las costas y honorarios de abogados en que había incurrido el demandante. La demandada apela de esa parte de la orden que le condena al pago de $200.

██ El apelado no compareció a la vista. De la argumentación oral y del alegato sometido por el apelante estamos muy convencidos de que no se notificó debidamente a la demandada el señalamiento del caso para juicio y que de conformidad con la práctica general de las cortes, si no de acuerdo con la ley, el caso no fué señalado para juicio debidamente. En otras palabras, que no hubo la debida lectura del calendario al comenzar el término durante el cual se señaló el caso para juicio. Aceptamos la manifestación del letrado de que la práctica general de las cortes, incluyendo la Corte de Distrito de Aguadilla, es leer el calendario al comenzar el término. El término de la corte se extendía durante los meses de junio y julio. El caso fué visto a fines de julio, habiéndose señalado después de haber transcurrido el mes de junio. Se ha demostrado además, mediante declaración jurada del abogado, que el Secretario de la Corte de Distrito de Aguadilla no tenía ningún libro o calendario por medio del cual un letrado pudiera averiguar los señalamientos. La corte dijo en su opinión que el 30 de junio dictó una resolución en corte abierta señalando el día 5 de julio para pedir señalamientos y el 9 de julio para hacer los mismos. La corte admite que el secretario no registró esta orden, pero que aparece en las notas del taquígrafo.

De acuerdo con la antigua ficción de que el abogado, como funcionario de la corte, se presume que siempre está presente en ella, tal vez podrían aducirse argumentos para sostener

la resolución de la corte. Un abogado está obligado a tener conocimiento y a cerciorarse de las resoluciones dictadas por un tribunal al ser registradas. Tenemos muchas dudas de que se hiciera el asiento correspondiente en este caso. Si no se hizo asiento alguno, y el abogado demuestra que no estaba presente, él no queda obligado por una resolución oral de la corte. Los letrados son admitidos por este tribunal y tienen derecho a postular ante todas las cortes insulares. Si bien no pueden obtener privilegio alguno viviendo fuera de la jurisdicción de determinada corte (*Mas* v. *Borinquen Sugar Co.*, 18 D.P.R. 1103), no obstante, si residen fuera, sus clientes quedan obligados solamente por cuestiones registradas en los libros de la corte, o quizá en aquellos casos en que la parte está implícitamente presente. En otras palabras, la presunción se ha convertido en controvertible, y fué destruida en este caso. Debe notarse que parte del razonamiento podría tal vez aplicarse a un abogado residente en la localidad que no estuviera presente en la corte en el momento de dictarse la resolución oral.

No dedicaremos mucha atención a los aspectos estrictamente legales del caso, en vista de que creemos que hubo abuso de discreción. Cuando un caso se señala para juicio de un modo tan informal, y a lo sumo se hace un registro dudoso del señalamiento, debe dejarse sin efecto incondicionalmente una sentencia dictada en rebeldía. Imponer las costas a la demandada fué un abuso de discreción. En el caso de *Monllon & Co.* v. *Hutchison*, 18 D.P.R. 893, esta corte resolvió que al dejar sin efecto una sentencia, la corte de distrito tenía derecho a hacerlo así condicionalmente, pero una revisión de los hechos nos ha convencido de que hemos dicho que tal autoridad en ese caso fué ejercida indebidamente.

Si la corte en un caso adecuado hubiese impuesto una condición, no hallaríamos que hubiera irregularidad alguna.

al exigir que se hiciera el depósito en la corte y que se pusiera a disposición del abogado del demandante.

*Debe revocarse* la resolución de la corte inferior, en *tanto en cuanto impone las costas y honorarios de abogado* y abrirse el caso incondicionalmente.