EMIGDIO OSVALDO SELLÉS ROLDÁN y PEDRO VILLAFAÑE CUEVAS, demandantes y apelados, *v.* SANTOS BUXÓ, demandado y apelante.

Núm. 7126.—*Sometido:* Abril 2, 1937. *Resuelto:* Mayo 7, 1937.

*González Fagundo & González, Jr.,* abogados del apelante; *Burset & Pérez Pimentel,* abogados de los apelados.

Eᴌ Jᴜᴇᴢ Pʀᴇsɪᴅᴇɴᴛᴇ Sᴇñᴏʀ ᴅᴇʟ Tᴏʀᴏ emitió la opinión del tribunal.

De los autos aparece que en octubre 6, 1932, se radicó en la Secretaría de la Corte de Distrito de Humacao una demanda por Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas contra Santos Buxó sobre extinción de hipoteca; que emplazado el demandado excepcionó la demanda por no aducir hechos suficientes para determinar una causa de acción, siendo su excepción declarada sin lugar; que el demandado contestó negando todas y cada una de las alegaciones de la demanda, y que la corte en abril 13, 1934, dictó la siguiente sentencia:

"Hoy día 13 de abril de 1934, previo señalamiento en calendario general de este caso para su vista, compareció el demandado representado por su abogado Francisco González Fagundo, no habiendo comparecido los demandantes ni abogado que los representara, a pesar de haber sido llamados por el márshal y apareciendo de los autos haber sido notificados. El letrado del demandado solicita de la Corte que tenga a los demandados por desistidos de esta demanda, y la corte accede a la solicitud del demandado, y en su virtud dicta sentencia teniendo a los demandantes por desistidos de esta acción, con imposición de las costas a los referidos demandantes."

Siguen la notificación de la sentencia y una moción para que la misma se deje sin efecto que fué declarada con lugar en mayo 22, 1934. No conforme el demandado, apeló para ante este tribunal. Tal el legajo de la sentencia certificado por los abogados de las partes en agosto 15, 1935.

La transcripción de la evidencia contiene la practicada a virtud de la moción solicitando que la sentencia se dejara sin efecto, a saber: declaración de Villafañe por los demandantes y de Mariano Acevedo por el demandado; los autos en el caso civil núm. 17415, *Santos Buxó Jr. v. Emigdio Osvaldo Sellés, et al.* y las declaraciones juradas de F. de la Torre y J. Ramírez Santibáñez.

■■ En su alegato la parte demandada y apelante sostiene que la corte de distrito abusó de su discreción al dejar sin efecto la sentencia que había dictado en el caso.

Argumenta que la evidencia aportada no demuestra que concurra ninguna de las circunstancias que fija el artículo 140 del Código de Enjuiciamiento Civil para eximir a una parte de los efectos de la sentencia y además que no se demostró prima facie que los demandantes tuvieran una buena causa de acción sino más bien lo contrario.

La resolución apelada habla por sí misma. Dice:

"Vista la moción presentada por la parte demandante, en la que se solicita de esta Corte se deje sin efecto la sentencia dictada en la cual se tuvo por desistido a dichos demandantes, a moción de la parte demandada, por haber dejado de comparecer al juicio en su fondo, el que se había señalado por esta Corte para el día 13 de abril de 1934, y se solicita además se reinstale el caso para seguirse los procedimientos; y vista y estudiada además la evidencia ofrecida, tanto documental como testifical, por ambas partes, la Corte es de opinión, que en bien de la justicia y a tenor de las disposiciones del artículo 140 del Código de Enjuiciamiento Civil vigente, debe declararse con lugar dicha solicitud, y por la presente esta corte en uso de su poder discrecional, y vistos los casos de *Gutiérrez et al.* v. *Foix*, 23 D.P.R. 73; *Merino* v. *City of N. Y. Fire Ins. Co.*, 35 D.P.R. 451; *Merino* v. *Globe R. Fire Ins. Co.*, 33 D.P.R. 421; y el de *Cosme* v. *García*, 35 D.P.R. 1008, deja sin efecto la sentencia dictada con fecha 13 de abril de 1934, en la cual se tuvo por desistido a los demandantes por no haber comparecido en dicho día al juicio y reinstala el caso, para ser visto nuevamente, como si tal sentencia no hubiese sido dictada."

A nuestro juicio no cabe concluir que la corte de distrito abusara de su discreción al dejar sin efecto su sentencia.

De acuerdo con las reglas que rigen en las cortes de distrito de la Isla, para cada término se prepara un calendario de los pleitos listos para juicio, celebrándose dos lecturas del mismo que se fijan para determinadas fechas notificándose a los abogados para que puedan pedir el señalamiento de sus casos en ellas.

Parece que en la Corte de Distrito de Humacao no se sigue esa práctica, sino la del llamado calendario permanente de acuerdo con la cual los señalamientos se hacen por la

corte sin que sea necesario que medie solicitud de las partes, a quienes se notifica del día de la vista una vez señalado.

De la declaración de Mariano Acevedo, secretario de la Corte de Distrito de Humacao, aparece que la lectura del calendario que contenía este caso no se notificó a los abogados por medio de la prensa y que hecho de oficio el señalamiento envió una notificación al abogado de la Torre, sin que fuera él el que la llevara al correo ni puede declarar sobre el extremo de si se depositó realmente en el mismo. Los demandantes personalmente no sabían del señalamiento. Y sus abogados Francisco de la Torre y José Ramírez Santibáñez afirman en sus declaraciones juradas que jamás fueron notificados.

En el caso de *Arce v. American Railroad Co.*, 38 D.P.R. 254, esta corte resolvió, copiando del resumen, que:

"Cuando un caso se señala para juicio de un modo informal—sin la debida lectura del calendario al comenzar el término durante el cual se señaló—y a lo sumo se hace un registro dudoso del señalamiento, debe dejarse sin efecto, incondicionalmente, una sentencia dictada en rebeldía; el imponer las costas al demandado en tales circunstancias es un abuso de discreción."

Y aquí en verdad todo parece indicar que ni las partes ni sus abogados tenían conocimiento de que su caso había sido señalado para la vista. No se explica de otro modo su falta de comparecencia, ya que se trata de una reclamación de relativa importancia en la que han demostrado tener un gran interés.

El caso cae, pues, dentro de la letra y el espíritu de la ley contenida en el citado artículo 140 del Código de Enjuiciamiento Civil que expresamente autoriza a la corte para "eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia...." facultad cuyo ejercicio en forma liberal, tendente a asegu-

rar que los pleitos se resuelven por sus méritos, ha sido consagrada por la jurisprudencia.

En cuanto a que resulte de la evidencia que los demandantes no tienen una buena causa de acción, lo poco que dice el apelante en relación con su aserto en su alegato no nos convence.

*Debe declararse sin lugar el recurso y confirmarse la resolución recurrida.*