GUTIÉRREZ ET AL., DEMANDANTES Y APELANTES, *v.* FOIX ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa sobre tercería de dominio.

No. 1257.—Resuelto en julio 27, 1915.

SENTENCIA—INEFECTIVIDAD DE LA SENTENCIA—INTERPRETACIÓN DE ESTATUTOS— PRECEPTO REPARADOR.—El precepto contenido en el artículo 140 del Código de Enjuiciamiento Civil, que es idéntico al 473 del de California, es un precepto reparador y debe ser interpretado liberalmente con el fin de que se cumplan sus fines y promueva la justicia. Se cumple mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento.

ID.—EJERCICIO DE LA DISCRECIÓN.—La discreción de la corte bajo la sección 140 del Código de Enjuiciamiento Civil debe siempre ser ejercitada de conformidad con el espíritu de la ley y de tal modo que más bien ayude que impida o destruya los fines de la justicia, considerando los meros tecnicismos como obstáculos que han de ser vencidos más que como principios a los cuales ha de darse efecto en derogación del derecho sustancial.

DISCRECIÓN JUDICIAL—COMPARECENCIA AL JUICIO.—Cuando la corte no ejercita o abusa de su discreción para juzgar las circunstancias que impidieron a un demandante comparecer al juicio, procede la revocación de la resolución apelada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Antonio J. Amadeo.*

Abogado de los apelados: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Los demandantes y apelantes entablaron demanda de tercería de dominio en una acción pendiente ante la Corte Municipal de Yabucoa entre el demandado Foix en este caso como demandante y el ahora demandado Machicote, demandado también en la primera acción, alegando ser los dueños de cierta finca rústica que fué embargada como propiedad de Machicote y obtuvieron sentencia a su favor contra la cual interpuso Foix recurso de apelación para ante la Corte de Distrito de Humacao.

Señalado el día para la celebración del juicio *de novo* en la corte de distrito, los demandantes, ahora apelantes y ape-

lados en la corte de distrito, dejaron de comparecer y la corte
de distrito, a solicitud del abogado de Foix dictó sentencia
a favor de este último.   Los demandantes y apelantes en· este
caso después de haber apelado contra la dicha sentencia de-
sistieron de la apelación y en vez de ello acudieron a la corte
de distrito en solicitud de un remedio de acuerdo con el artí-
culo 140 del Código de Enjuiciamiento Civil.   En apoyo de
esta moción se alegó, entre otras cosas, que siendo imposible
al abogado de los demandantes y apelantes estar presente en
la vista *de novo* ante la corte de distrito, había telegrafiado
al abogado de Foix suplicándole pidiera la suspensión del
juicio, habiendo recibido la contestación siguiente: "Envié
moción pidiendo suspensión.   Me allanaré." Que enseguida
también le fué enviada una estipulación para la suspensión
de la vista hasta que se le enviara nuevo aviso al abogado
de Foix. ·

La resolución de la corte respecto de la moción para que
se dejara sin efecto la sentencia es como sigue:

"Los demandantes en este caso representados por su abogado
Antonio J. Amadeo, ·comparecieron ante esta corte solicitando que
en vista de un *affidavit* de méritos que a su moción acompañan y
de lo previsto en el artículo 140 del Código de Enjuiciamiento Civil
se dictara una orden dejando sin efecto la sentencia que este tribu-
nal dictara en el caso· arriba citado, con fecha 13 de marzo del co-
rriente año.

"La corte señaló un día para la vista de esta moción y las partes
convinieron en someterla a la consideración del tribunal por medio
de alegatos escritos.

"De un examen de los autos resulta que este fué un caso de ter-
cería originado en la Corte Municipal de Yabucoa y que vino a esta
corte en grado de apelación, no habiendo comparecido en el acto del
juicio ante esta corte los demandantes ahora peticionarios.   La corte,
de acuerdo con la ley que regula las apelaciones de sentencias de las
cortes municipales, dictó una sentencia a favor de los demandados
por el abandono que de su acción hicieron los demandantes.   Esta
sentencia fué apelada para ante el Tribunal Supremo de Puerto Rico,
y una vez radicada en aquel tribunal la apelación de los demandantes,

éstos solicitaron se les diera por desistidos de dicha apelación, y el Tribunal Supremo con fecha 3 de junio de 1914, dictó una resolución dando a los demandantes por desistidos de la apelación, que entablaron contra la sentencia de esta corte de distrito.

"Así las cosas, comparecen ahora los demandantes solicitando de esta corte que deje sin efecto la sentencia que dictara en 13 de marzo de 1914, y de la cual ellos apelaron para ante el Tribunal Supremo. La parte contraria, o sea los demandados en la acción original de tercería se oponen a que por esta corte se acceda a lo solicitado; y este tribunal, atendidas todas las circunstancias del caso, entiende que la ley y los hechos están en contra de la moción de los demandantes y que debe ser declarada sin lugar, toda vez que no puede darse al artículo 140 del Código de Enjuiciamiento Civil una interpretación tan liberal y tan amplia, que permita modificar una sentencia después que ésta ha sido apelada y confirmada por el desistimiento de los apelantes.

"Por las razones expuestas, la corte es de opinión que debe declarar y declara sin lugar la moción de los demandantes."

La Corte de California en el caso de *Melde v. Reynolds*, 129 Cal., 308, al interpretar el artículo 473 del Código de California del cual ha sido tomado nuestro artículo 140, se expresó en los siguientes términos:

"Este es un precepto reparador y de acuerdo con las prescripciones del artículo 4 del propio código el cual exige que sea liberalmente interpretado con el fin de que se cumplan sus fines y promueva la justicia, se observa mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento. La discreción de la corte debe siempre ser ejercitada de conformidad con el espíritu de la ley y de tal modo que más bien ayude que impida o destruya los fines de la justicia, considerando los meros tecnicismos como obstáculos que han de ser vencidos más bien que como principios a los cuales ha de darse efecto en derogación del derecho sustancial. *Roland* v. *Kreyenhagen*, 18 Cal., 455; *Bailey* v. *Taaffe*, 29 Cal., 424; *Watson* v. *San Francisco, etc., Railroad Co.*, 41 Cal., 17."

Véase también el caso de *Nicoll* v. *Weldon*, 130 Cal., 666.

En la primera apelación interpuesta por los demandantes y apelantes, a la cual hace referencia la corte de distrito, indudablemente que no había esperanza alguna y al notar su

error los demandantes muy acertadamente desistieron de la misma recurriendo al único medio práctico que tuvieron a su alcance dentro del procedimiento de acuerdo con el artículo 140. Y al proceder así no estaban impedidos de modo alguno con motivo de su error en haber apelado primeramente. La resolución no puede ser sostenida. '

La teoría sustentada por la corte de "que no puede darse al artículo 140 del Código de Enjuiciamiento Civil una interpretación tan liberal y tan amplia, que permita modificar una sentencia después que ésta ha sido apelada y confirmada por el desistimiento de los apelantes", es errónea y contraria a los verdaderos propósitos del artículo 140 claramente expuestos en la cita que dejamos hecha del caso de *Melde* v. *Reynolds, supra.*

La corte, al parecer, no ejercitó su discreción para juzgar las circunstancias que impidieron al demandante comparecer al juicio, en cuyo caso procedería la revocación de la resolución apelada. Véase *Mas et al.,* v. *Borinquen Sugar Company,* 18 D. P. R., 304. Y si la corte tuvo en cuenta las circunstancias indicadas, entonces debemos concluir que abusó de su poder discrecional al apreciarlas, pues ellas demuestran con tanta claridad que no puede llegarse a otra conclusión razonable, que el demandante no tuvo la intención de dejar de comparecer y si de hecho no compareció fué porque entendió y pudo de buena fe entender que el juicio se suspendería con la conformidad de la parte demandada, en cuyo caso procedería también la revocación de la resolución apelada.

Bajo cualquier aspecto que se considere la resolución de la corte de distrito, debe pues, revocarse, dictándose otra en su lugar dejando sin efecto la sentencia pronunciada y abriéndose de nuevo el pleito para ulteriores procedimientos de acuerdo con la ley.

> *Revocada la resolución apelada, dejándose sin efecto la sentencia pronunciada y abriéndose de nuevo el juicio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.