FERNÁNDEZ, DEMANDANTE Y APELANTE, *v.* PESCAY ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre rescisión de contrato y daños y perjuicios.

No. 1774.—Resuelto en diciembre 23, 1918.

APERTURA DE REBELDÍA—ANULACIÓN DE SENTENCIA EN REBELDÍA—ARTÍCULO 140 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—El precepto contenido en el artículo 140 del Código de Enjuiciamiento Civil, que es idéntico al 473 del de California, es un precepto reparador y debe ser interpretado liberalmente con el fin de que se cumplan sus fines y promueva la justicia. Se cumple mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento.

ID.—EJERCICIO DE LA DISCRECIÓN.—La discreción de la corte bajo la sección 140 del Código de Enjuiciamiento Civil debe siempre ser ejercitada, como lo fué en este caso, de conformidad con el espíritu de la ley y de tal modo que más bien ayude que impida o destruya los fines de la justicia, considerando los meros tecnicismos como obstáculos que han de ser vencidos más que como principios a los cuales ha de darse efecto en derogación del derecho sustancial.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Rincón Plumey.*

Abogado de los apelados: *Sr. M. Guerra Mondragón.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El demandante, un arrendatario, presentó un pleito interesando la rescisión de un contrato de arrendamiento e indemnización de daños y perjuicios. En la demanda original se alegó la existencia de un contrato privado de arrendamiento otorgado ante dos testigos y que luego se elevó a escritura pública, alegando la erección de cierta caseta y el pago de los cánones de arrendamiento por el demandante, así como la contratación de una póliza de seguros y la constitución de una hipoteca por parte del arrendador sobre las mencionadas mejoras y la pérdida consiguiente por parte del arrendatario de su crédito mercantil y reputación moral como hombre de negocios y ciudadano.

Después de haberse solicitado y registrado la rebeldía del demandado, se presentó una demanda enmendada en la que se alega un contrato verbal de arrendamiento con la expresa promesa de vender la finca arrendada al arrendatario por la suma de $500 tan pronto como los arrendadores hubiesen satisfecho una hipoteca de determinada finca que comprende el terreno arrendado al demandante, consignando las mejoras hechas por el arrendatario y alegándose que el demandante firmó el contrato escrito, en donde no se hizo constar la mencionada promesa de venta, inducido por las insidiosas maquinaciones que hicieron creer al demandante que la escritura no era más que pura fórmula y que la verbal promesa de venta continuaría vigente. Se alegó además que los demandados, al pagar la hipoteca antes mencionada, no vendieron al demandante sino que volvieron a hipotecar el terreno junto con las mejoras hechas por el demandante y fraudulentamente aseguraron los edificios junto con unas maquinarias que contienen y que son de la propiedad del demandante; que con motivo del referido incumplimiento del contrato por parte de los demandados, el demandante ha perdido la venta de dichas casas y del negocio a que se dedicaban y en su consecuencia el haber dejado de ganar $3,000. La súplica se produce en la alternativa, ora para que se decrete la nulidad del contrato escrito y se obligue al demandado

al cumplimiento individual (*specific performance*) de la alegada promesa de venta, ora la rescisión del contrato con indemnización de daños y perjuicios.

El caso fué llamado para juicio y, no habiendo comparecido los demandados, el demandante introdujo su prueba y obtuvo una sentencia que posteriormente fué dejada sin efecto a moción de los demandados.

Contra esta orden interpuso el demandante el presente recurso de apelación.

Cualquier. adecuada discusión de los trece motivos de error, algunos de los cuales no carecen por completo de fundamento desde un punto de vista técnico, alongaría indebidamente esta opinión sin que tuviese ningún propósito de mayor utilidad.

En la demanda enmendada no se alega que la minuta escrita, en la que se dejó de incluir la supuesta promesa verbal de venta, se hubiese elevado casi un año después a escritura pública, y el documento últimamente mencionado no se introdujo como prueba en el juicio. La moción para abrir la rebeldía se basaba en declaraciones juradas, documentos a las mismas acompañados y en los autos del caso. El abogado que re· dactó la demanda original fué sustituído por otro antes de radicarse la demanda enmendada.

En el *affidavit* del abogado de los demandados se hace constar en síntesis que para el mes de julio de 1917 los esposos Pescay le hablaron de la demanda entablada en este caso; que para esa fecha el deponente era candidato para el puesto de representante *at large* en la Asamblea Legislativa del país; y no teniendo un solo momento que dedicar al estudio del asunto, solicitó del abogado señor Gregory, que lo era a la sazón del demandante en este caso, abriera la rebeldía registrada y le concediera un tiempo hábil dentro del cual poder estudiar la defensa de sus representados y presentar la contestación a la demanda; que el señor Gregory accedió gustoso a ello; que el deponente salió electo candidato en las elecciones generales celebradas en julio de 1917

y que desde entonces hasta la fecha no ha podido dedicarse
un solo momento al estudio de sus asuntos profesionales por
motivo de sus trabajos en la Legislatura; que nunca tuvo
conocimiento de la rebeldía registrada, ni del señalamiento
del caso para juicio, por lo cual no pudo haber hecho gestión
alguna, ni personalmente ni por medio de otro letrado en
defensa de los intereses de sus representados.

El demandado Simón Pescay jura que, como uno de los
demandados, celebró con el demandante un contrato de arren-
damiento del solar que describe, el cual contrato consta inserto
en la demanda enmendada; que niega haber ofrecido ni ver-
balmente ni por escrito al demandante, venderle dicho solar
por precio alguno durante la vigencia de dicho contrato, ni
en ningún otro tiempo; que dicho contrato privado fué ele-
vado a escritura pública en primero de enero de 1917, en
cuyo acto el deponente y el demandante ratificaron lo conve-
nido previamente en el anterior contrato extrajudicial. Que
ni en el contrato extrajudicial ni en el elevado a escritura
pública, se hace mención del compromiso de venta por parte
del deponente al demandante; antes bien, es cláusula esen-
cial de ambos contratos, que al finalizar el término de arren-
damiento—es decir, después de transcurrido el período de tres
años del mismo—el demandante no tendrá opción alguna a los
terrenos aludidos; en otras palabras, la caseta pasará a ser
de la propiedad exclusiva del deponente y de su esposa; que
sobre los terrenos indicados y sobre la casa que queda hacia
la carretera, pesaba una hipoteca a favor del señor Abarca
pero que habiendo obtenido el deponente oportunidad y oca-
sión de pagar un interés más bajo, levantó dicha hipoteca
para otorgar otra el mismo día por menor cantidad a favor
de Antonio Pérez Pierret; que el deponente no levantó total-
mente la hipoteca en aquel entonces por no tener dinero con
qué pagarla; que si lo hubiera tenido hubiera preferido, como
hombre prudente de negocios, pagar la deuda en vez de gravar
su peculio con un pago innecesario de intereses; que el de-
ponente aseguró la caseta a que se refiere la demanda en-

mendada, no a nombre de él, sino a nombre del demandante, y sin incluir en el seguro las maquinarias existentes en dicha caseta; que la caseta aludida tiene un valor aproximado de quinientos dólares, y no de dos mil en que la ha valorado el demandante; que no es cierto que el demandante le haya exigido nunca la venta del terreno aludido, como no es cierto que el deponente se haya comprometido en tiempo alguno a venderle dicho solar al demandante por ninguna suma de dinero.

Don Juan Gregory, anterior abogado del demandante, dice que fué quien, como abogado del demandante, redactó la demanda original en este caso; que una vez registrada la rebeldía, el abogado señor Miguel Guerra Mondragón le suplicó cierta vez en la calle que le abriera la rebeldía, porque el dicho señor Guerra, con motivo de su campaña electoral, no había tenido tiempo para preparar la defensa de los demandados; que el deponente, sabiendo que si Guerra pedía la prórroga a la corte, ésta se la concedería, le concedió dos meses para contestar la demanda, no sólo por las razones expuestas por el señor Guerra sino también por la razón principalísima de encontrarse la corte en vacaciones; que el deponente preparó y redactó la demanda original en este caso de acuerdo con los datos suministrados por el demandante; y que hizo constar en dicha demanda original todos los datos que le suministró Fernández.

El proyecto de contestación que se acompañó con estas declaraciones, después de negar en términos generales y de una manera especial los hechos de la demanda, afirma que el contrato extrajudicial celebrado entre demandante y demandados en el mes de marzo de 1916 fué elevado a escritura pública ante el notario don Damián Monserrat y Simó en primero de enero de 1917, ratificando ambas partes las estipulaciones y convenios acordados en el primer contrato extrajudicial. Es incierto que los demandados se comprometieran ni de palabra, ni por escrito, ni por ningún otro medio, a venderle al demandante el solar que ocupa en la

caseta a que se refiere la demanda enmendada por precio de quinientos (500) dólares, ni por ningún otro precio. Y alegan los demandados que es parte principalísima y esencial, tanto del contrato extrajudicial aludido como del ratificado más tarde ante el notario Monserrat, que al terminar y vencer el término del contrato de arrendamiento el demandante no tendrá derecho alguno a la caseta construída, la cual pasará a ser propiedad de los demandados.

Los demandados alegan que, lejos de ser cierto el disgusto habido entre el demandante y sus socios por los motivos que aparecen en la demanda enmendada, el demandante ha venido pagando sin interrupción alguna el canon de arrendamiento aun después de ocurrida la divergencia alegada en dicha demanda entre él, el demandante, y los demandados. Los demandados niegan que el demandante les exigiera la venta del solar que aquél ocupa, en ningún momento durante la vigencia de dicho contrato de arrendamiento; y, alegan, además, que el demandante Cándido Fernández en varias ocasiones ha admitido y confesado a ciertas personas no tener derecho ninguno de opción de compra al terreno aludido. Niegan además los demandados, haber asegurado a su nombre la caseta aludida, en la compañía de seguros a que se refiere la demanda enmendada y niegan también haber asegurado las maquinarias existentes en dicha caseta.

En el caso de *Gutiérrez* v. *Foix,* 23 D. P. R. 73, 75, al interpretar el artículo 140 del Código de Enjuiciamiento Civil, citamos con aprobación de un caso de California lo siguiente:

"Este es un precepto reparador, y, de acuerdo con las prescripciones del artículo 4 del propio código el cual exige que sea liberalmente interpretado con el fin de que se cumplan sus fines y promueva la justicia, se observa mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento. La discreción de la corte debe siempre ser ejercitada de conformidad con el espíritu de la ley y de tal modo que más bien ayude que impida o destruya los fines de la justicia, considerando los meros tecnicismos como obstáculos que han de ser

vencidos más bien que como principios a los cuales ha de darse efecto en derogación del derecho sustancial.''

Los hechos anteriormente relacionados no revelan que se haya cometido ningún abuso de la amplia discreción ejercitada por nuestras cortes sentenciadoras en cuestiones de esta índole.

Resuelto así el caso por sus méritos, haciendo caso omiso de las cuestiones planteadas en la moción de los demandados para enmendar la transcripción de autos, no tenemos necesidad de resolver ni las cuestiones así planteadas, ni la moción de desestimación que se presentó después de la vista de este caso.

Es de confirmarse la orden recurrida.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.