CASOS RESUELTOS

POR LA

# CORTE SUPREMA DE PUERTO RICO

STEFFENS, PROMOVENTE Y APELADA, *v.* SUCESIÓN SOLER, OPOSITORA Y APELANTE.

No. 2822.—*Visto:* Noviembre 23, 1923. *Resuelto:* Abril 2, 1924.

INFORMACIÓN DE DOMINIO—TÉRMINO PARA OPONERSE A LA INFORMACIÓN—ABUSO DE DISCRESIÓN.—El. término de sesenta días que fija la ley convocando por edictos en una información de dominio a las personas ignoradas que' puedan tener intereses opuestos al' promovente, no es fatal;. por lo que el dejar de oír a un opositor que comparece después de transcurrir los sesenta días pero antes de la sentencia final, constituye abuso de discreción; y cuando la oposición no es jurada o es defectuosa por otro concepto, la corte tiene discreción para permitir que sea enmendada.

RESOLUCIÓN de *Angel Acosta,* J. (Mayagüez), aprobando una información de. dominio. *Anulada la resolución y devuelto el caso.*

*H. F. Besosa,* abogado de la apelante; *A. A. Vázquez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La apelada obtuvo un título de dominio a su favor en la Corte de Distrito de Mayagüez. El día 28 de enero de 1922 se ordenó la publicación de edictos convocando a las personas que tuvieran intereses opuestos, o que' pudieran resultar perjudicadas. El término de la publicación se fijó en sesenta días y por tanto había de expirar el día 27 de marzo de 1922. El 13 de abril de 1922, el fiscal presentó su informe. En 15 de abril, 1922, los apelantes radicaron una moción de intervención alegando tener interés y ser partes perjudicadas. El día 23 de mayo, 1922, la corte dictó una resolución aprobando la información de dominio, la cual contenía la siguiente declaración:

"Por cuanto: después de haber transcurrido los sesenta días

1

de la publicación de los edictos, la Sucesión de Miguel Soler radicó un escrito de oposición, y la promovente solicitó la eliminación de tal escrito por el fundamento de haber sido presentado después de vencido el término legal, y discutido el incidente en corte abierta, la corte se reservó su decisión;

"Por cuanto, en la tramitación de este expediente se han observado las prescripciones legales;

"Por tanto, la corte es de opinión que la ley y los hechos están a favor de la peticionaria y, en su consecuencia, la corte elimina del récord el escrito de oposición radicado por la Sucesión de Miguel Soler, y declara justificado, a favor de Zulma Steffens y García, el dominio que tiene sobre la finca antes descrita, y ordena la corte que una vez firme esta resolución se entregue copia de ella a la interesada para su inscripción en el Registro de la Propiedad del Partido."

Cuando la corte fija un término de sesenta días para una comparecencia, las partes deben comparecer dentro de ese tiempo. Sin embargo, este no es un término fatal, especialmente toda vez que el mismo expediente de dominio puede ser atacado en circunstancias adecuadas.

Cuando antes de que la corte ha dictado su resolución final o sentencia un peticionario aparentemente de buena fe solicita ser oído, la corte debe considerar la petición por sus méritos. El dejar de hacerlo así constituye un abuso de discreción semejante al que discutimos en los casos de *Borinquen Sugar Co.* v. *Mas,* 18 D.P.R. 304; *Fernández* v. *Pescay,* 26 D.P.R. 808, y *Gutiérrez* v. *Foix,* 23 D.P.R. 73.

Notamos que la petición de intervención no está jurada, ni acompañada de ningún *affidavit* de méritos. Asimismo la Sucesión de Miguel Soler es una descripción de partes indefinida y poco satisfactoria. La corte inferior, sin embargo, no consideró estos particulares.

Sin embargo, la comparecencia de un abogado es una especie de garantía y a su cliente debe darse una oportunidad para enmendar.

No es necesario considerar los demás errores alegados

por la Sucesión de Miguel Soler toda vez que no fué hecha parte debidamente, si tenía tal derecho.

La idea de la corte de que no tenía facultad para oir a la apelante, constituyó una falta de ejercicio de su discreción. *La resolución apelada debe ser anulada, debiendo devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*