Modesto Peña, peticionario y apelante, *v.* El Pueblo de Puerto Rico, opositor y apelado.

No. 5181.—*Sometido:* Junio 18, 1930. *Resuelto:* Noviembre 20, 1931.

*M. A. Martínez Dávila, José J. Aponte* y *A. Porrata Doria,* abogados del apelante; *Hon. Attorney General James R. Beverley* y *A. Ortíz Toro, Primer Procurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El 15 de noviembre de 1926 El Pueblo de Puerto Rico compareció en un procedimiento de dominio y radicó una contestación a la petición. En diciembre 14, 1927, al ser llamado el caso para juicio, el peticionario pidió oralmente que se eliminara la contestación, primero, porque había sido radicada después de expirar el término prescrito por los artículos 391 y 395 de la ley hipotecaria concernientes a citación por edictos: y, segundo, a causa de la alegada insuficiencia de la contestación. La moción fué declarada sin lugar y esto se señala como error.

██ ██ La contestación a duras penas puede ser recomendada como un modelo de buena alegación. Empero, es una exposición defectiva de hechos más bien que una falta de alegar suficientes hechos para justificar una negativa a dictar un decreto de dominio. Si durante el año que transcurrió entre la radicación de la contestación y la fecha del juicio, el peticionario hubiera excepcionado la contestación, se habría concedido ocasión de enmendar. Si durante ese mismo período el peticionario hubiera solicitado que se eliminara la contestación, el Pueblo habría tenido la oportunidad de probar, si era necesario, por qué la contestación no había sido radicada en fecha anterior. Estamos contestes con la corte inferior en que la moción vino demasiado tarde. De todos modos la negativa de la moción equivalió a conceder permiso *nunc pro tunc* para radicar la contestación, y en esto no hallamos abuso de discreción. Véase *Steffens* v. *Sucesión Soler,* 33 D.P.R. 1.

La apelante trata de hacer distinción del caso de Steffens por el fundamento de que el término allí envuelto había sido fijado por la corte, mientras que en el presente caso lo determina la ley. El párrafo inicial de la opinión en el caso anterior deja muy poco margen para semejante distinción. No es necesario que escudriñemos ni interpretemos ahora el texto de los artículos 391 y 395 de la ley hipotecaria. Véanse, sin embargo, 49 C.J. 199, sección 228 *et seq.,* y *Juncos Central Co.* v. *Rodríguez,* 16 D.P.R. 302.

No podemos convenir con el apelante en que la sentencia apelada es contraria a la ley o a la evidencia aducida en el juicio. *Debe ser confirmada.*