EDUVIGIS SIERRA, demandante y apelante, *v.* PLÁCIDO LONGO & Co. demandada y apelada.

No. 6096.—*Sometido:* Noviembre 24, 1933. *Resuelto:* Noviembre 29, 1933.

---

\* NOTA: Véase el prefacio.

*M. Benítez Flores,* abogado del apelante; *E. Márquez Huertas,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal..

En diciembre 29, 1931, Eduvigis Sierra radicó en la Corte de Distrito de San Juan una demanda contra Plácido Longo & Co., en cobro de $524.16, importe de un tabaco que le había vendido, más $175 para honorarios de abogado y otros gastos del pleito.

Emplazada la sociedad demandada, en enero 19, 1932, archivó una moción de traslado del pleito a la corte de distrito de su domicilio, Bayamón. El propio día 19 de enero pidió el demandante al secretario que anotara la rebeldía de la demandada y dictara sentencia en su contra, y así lo hizo dicho funcionario en 8 de febrero siguiente limitando la condena a los $524.16 más las costas, sin incluir honorarios de abogado por no constar éstos estipulados en el contrato alegado en la demanda.

El 12 de febrero se dirigió la demandada a la corte por medio de moción jurada pidiéndole que abriera la rebeldía y dejara sin efecto la sentencia que contra ella había dictado el secretario. Alegó que por inadvertencia se había dejado de acompañar a la petición de traslado un escrito de excepciones previas. A la moción se acompañó dicho escrito y además una contestación en la que se alegaba que no había comprado el tabaco, sino que éste le había sido entregado para su venta sin que se hubiera aún vendido. Oyó la corte a ambas partes y en marzo 28, 1932, declaró la petición "sin lugar por no aparecer de dicha moción que la negligencia de la demandada al dejar de radicar excepción previa o contestación juntamente con la moción de traslado, sea excusable. Además, no aparece de la contestación acompañada a la moción sobre apertura de rebeldía que la demandada tenga una buena defensa en los méritos del caso."

En marzo 31, 1932, pidió el demandante que se ordenara la ejecución de la sentencia. "Como se pide," proveyó el juez, y seguidamente aparece de los autos una orden de ejecución fechada en abril 1 y un escrito del demandante dirigido al márshal en el mismo día señalando los bienes de la demandada en que había de hacerse efectiva la sentencia.

El día anterior, marzo 31, 1932, o sea en la propia fecha en que se pidió y se ordenó la ejecución, la demandada presentó a la corte por medio de otro abogado una larga moción pidiéndole que reconsiderara su negativa a abrir la rebeldía y a dejar sin efecto la sentencia. La acompañó de un *affidavit* de méritos, de una contestación enmendada y de una contrademanda.

Como medida previa, en 1 de abril, 1932, la corte ordenó que quedara en suspenso la orden de ejecución, señalando el 20 de abril para oír a las partes. No consta que dicha audiencia se celebrara, pero sí aparece en los autos un largo escrito de la parte demandante oponiéndose a la reconsideración fechado el 26 de abril. El 17 de mayo siguiente la corte resolvió la cuestión por medio de una resolución razonada cuyo último párrafo dice:

"Creemos que no abusamos de nuestra discreción permitiendo a la demandada que se defienda en los méritos del caso y por consiguiente se deja sin efecto, aplicando el principio antes indicado, la anotación de rebeldía y sentencia registrada en este caso, así como la orden de ejecución expedida y se permite la radicación del escrito de contestación y contrademanda presentado por la demandada. Y a fin de armonizar los derechos de la parte demandante, de modo que si por los méritos del caso debe obtener una sentencia favorable no se perjudique por la dilación que motivaría el dejar este pleito pendiente de que pueda señalársele en el curso ordinario del calendario, se señala la vista del caso para el día 6 de junio de 1932 a las nueve de la mañana, esperando la corte que la demandante, si alguna alegación tuviere que hacer para perfeccionar las alegaciones, bien sea excepcionando o eliminando particulares de la contestación o reconvención, lo haga rápidamente, de modo que no haya dificultad en celebrar la vista de este caso en la fecha indicada, para que el mismo

quede resuelto en su fondo antes de comenzar el período de vacaciones.''

No conforme la demandante interpuso el presente recurso, archivando la transcripción desde junio 14, 1932, pero sin que el caso quedara listo para señalamiento hasta septiembre 14, 1933, en que el apelante presentó su alegato. Tres son los errores que, en resumen, señala en el mismo, a saber: 1, carencia de autoridad por parte de la corte para dejar en suspenso la orden de ejecución de sentencia; 2, abuso de discreción al resolver en definitiva la cuestión, y 3, no imposición en todo caso de las costas a la demandada como condición para acceder a lo por ella solicitado.

La no existencia del primer error es clara. Si a virtud del artículo 140 del Código de Enjuiciamiento Civil las cortes tienen facultad en casos apropiados para eximir a una parte de los efectos de una sentencia, evidente es que también la tienen para suspender la ejecución de esa misma sentencia como medida previa y a fin de aminorar en lo posible gastos, complicaciones y perjuicios. Para ello no es imprescindible oír a la parte contraria—aunque oírla siempre es en verdad la mejor práctica—ya que se trata de una medida provisional, que debe adoptarse en seguida si ha de dar resultados satisfactorios. Además en este caso la corte fijó al propio tiempo una audiencia y no resolvió en definitiva el asunto hasta después de oír por escrito extensamente a la parte a cuyo favor se había dictado la sentencia y expedido la orden de ejecución.

Estudiados cuidadosamente los hechos y circunstancias concurrentes, opinamos que tampoco existe el segundo error señalado. En la resolución apelada, la corte de distrito se expresó, en parte, como sigue:

"No tenemos duda alguna de que los defectos de la moción de traslado, así como los de la primera moción sobre apertura de rebeldía, se debieron a la inexperiencia del abogado que originalmente se hizo cargo del asunto. Decimos esto sin menospreciar a dicho abogado, pues empieza ahora la práctica de su profesión y no nos sor-

prende que cometa errores como todos los cometemos, y con mayor frecuencia cuando empezamos la práctica de la profesión sin tener a nuestro lado un compañero experto que guíe nuestros primeros pasos por la escabrosa senda del procedimiento.

"Bajo estas circunstancias, ¿sería justo que por los errores de procedimiento que haya cometido el abogado privemos a la parte del derecho que tiene de ser oída en su defensa?

"Sobre este particular ha dicho nuestro Tribunal Supremo que el art. 140 del Código de Enjuiciamiento Civil se cumple u observa mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento, y, en el caso de Fernández vs. Pescay et al., 26 D.P.R. 808, 813, tratando sobre esta cuestión se expresó nuestro más alto tribunal en los siguientes términos:

" 'En el caso de Gutiérrez vs. Foix, 23 D.P.R. 73, 75, al interpretar el artículo 140 del Código de Enjuiciamiento Civil, citamos con aprobación de un caso de California lo siguiente:

" ' ' "Éste es un precepto reparador, y, de acuerdo con las prescripciones del artículo 4 del propio código el cual exige que sea liberalmente interpretado con el fin de que se cumplan sus fines y promueva la justicia, se observa mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento. La discreción de la corte debe siempre ser ejercitada de conformidad con el espíritu de la ley y de tal modo que más bien ayude que impida o destruya los fines de la justicia, considerando los meros tecnicismos como obstáculos que han de ser vencidos más bien que como principios a los cuales ha de darse efecto en derogación del derecho sustancial." ' ' "

El caso está en la línea. El error del abogado lo sufre la parte. Esa es la regla. De otro modo serían interminables los litigios. Pero hay casos extraordinarios en que es tan evidente el error y la cuestión envuelta tan técnica y se está tan al principio del pleito, que no dar una oportunidad de ir a los méritos, constituiría una notoria injusticia cuya comisión debe evitarse mientras sea posible.

En cuanto al tercer error, nuestro criterio es distinto. Existe a nuestro juicio. Algo debe sufrir la parte que obtiene el beneficio. El demandante hizo uso de un derecho que la ley y la jurisprudencia le reconocen de consuno al pedir la

anotación de rebeldía y el registro de la sentencia, y al sostener luego el reconocimiento de su derecho por parte del secretario y de la corte. Pudo la corte de distrito y debió, dadas las circunstancias que en el caso concurren, imponer como condición para acceder a lo solicitado el pago de una suma razonable—cincuenta dólares, a nuestro juicio—como reintegro de las costas, gastos y honorarios de abogado en que incurriera el demandante.

*La resolución apelada deberá confirmarse, sujeta al cumplimiento de la condición indicada dentro de un plazo de treinta días.*