José González Reyes y Juan Reyes Torres, demandantes y apelantes, *v.* Manuel González Reyes y Ernesto Fernando Schlüter, demandados y apelados.

No. 6595.—*Sometido:* Junio 22, 1935. *Resuelto:* Julio 16, 1935.

*Francisco Vizcarrondo,* abogado de los apelantes; *J. Vendrell* y *Dubón & Ochoteco,* abogados de los apelados.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Los peticionarios en este caso iniciaron una acción en la Corte de Distrito de Humacao sobre nulidad de escritura pública y de procedimiento de embargo contra los demandados Manuel González Reyes y Ernesto Fernando Schlüter. Alegaron que eran dueños en unión de otras personas de una finca de 50 cuerdas que se describe en la demanda; que esta finca fué vendida a Manuel González Reyes y que en la escritura de venta aparecen vendiendo sus respectivas participaciones José González Reyes y María Rita González Reyes, menores de edad, que María Rita murió siendo soltera, el día 5 de marzo de 1926, dejando como única heredera a su madre Juana Reyes Torres; que Ernesto Fernando Schlüter, teniendo conocimiento de la minoridad de los peticionarios y de la forma en que Manuel González Reyes había adquirido la propiedad, embargó en una acción dirigida contra este último la referida finca, la cual le fué adjudicada en pública subasta en pago de la sentencia recaída; que más tarde Ernesto Fernando Schlüter promovió acción de desahucio y obtuvo sentencia contra Manuel González Reyes, habiendo solicitado la ejecución de dicha sentencia; pero que los peticionarios "no tienen relación alguna con dicho Manuel González Reyes en lo que se refiere a estas acciones; que ellos no han sido notificados ni emplazados ni citados en forma alguna en dicho procedimiento de desahucio y que estando en disputa la propiedad de esos terrenos no pueden ser desposeídos ni lanzados de dicha finca por un procedimiento de desahucio sino por sentencia en una acción contenciosa."

Basados en estas y otras alegaciones los peticionarios solicitan que se ordene al márshal de la Corte de Distrito de Humacao que por sí o por cualquiera de sus subalternos se

abstenga de ejecutar la sentencia de desahucio mientras la acción de nulidad pende ante los tribunales y recaiga una sentencia definitiva, absteniéndose además de lanzar a los peticionarios o a sus familiares de la finca de 50 cuerdas ya descrita, etc.

Los demandados en su contestación a la solicitud alegan entre otras cosas que la misma no aduce hechos suficientes para que pueda concederse el remedio solicitado.

La Corte de Distrito de Humacao declaró sin lugar la demanda. Este tribunal confirmó la sentencia dictada sin emitir opinión, por considerarlo innecesario, y declaró sin lugar una moción de reconsideración. Los demandados insisten de nuevo en que reconsideremos nuestra sentencia, solicitando que se les permita elevar a este tribunal cierta prueba aportada en la corte inferior. Repetimos que no estamos en condiciones de acceder a lo solicitado, porque en realidad no se aducen hechos bastantes para que pueda expedirse un auto de *injunction* y porque hemos llegado a la conclusión de que, aunque permitiéramos que se uniera a los autos la prueba ofrecida por los apelantes, no quedarían subsanados los defectos de que adolece la solicitud.

No alegan los peticionarios que estén en posesión de la finca que se describe en la solicitud ni que hayan sido amenazados de ser lanzados de la misma. Se limitan a decir que no han sido emplazados ni citados en forma alguna en el procedimiento de desahucio y que no pueden ser desposeídos ni lanzados de dicha finca sino por sentencia en una acción contenciosa. Estamos conformes. Si la acción de desahucio no se promovió contra los peticionarios, si no hubo para ellos citación ni emplazamiento, es claro que no han sido vencidos en juicio y que no pueden ser desposeídos (asumiendo que se encuentren en la posesión de la finca) en virtud de una orden de lanzamiento dictada en una acción de desahucio dirigida exclusivamente contra Manuel González Reyes.

La expedición de un auto de *injunction,* que por lo visto resulta innecesaria, no estaría justificada, tomando como base la solicitud y la prueba ofrecida por los apelantes.

*No ha lugar a la reconsideración solicitada.*

El Juez Asociado Sr. Hutchison disintió.[*]

El Juez Asociado Sr. Wolf está conforme con el resultado.[*]