José González Reyes y Juana Reyes Torres, demandantes y apelados, *v.* Manuel González Reyes y Ernesto Fernando Schlüter, demandados y apelantes.

Núm. 7677.—*Sometido:* Noviembre 7, 1939. *Resuelto:* Julio 10, 1940.

Dubón & Ochoteco, abogados de los apelantes; *Francisco Vizcarrondo,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Ernesto Fernando Schlüter, uno de los aquí demandados, radicó en marzo 28 de 1936 en la corte de distrito una moción para que se dejara sin efecto una sentencia dictada a favor de los demandantes en febrero 27 del mismo año. Las razones aducidas fueron:

Como a las dos de la tarde del día 27 de marzo, en el café La Mallorquina de Caguas, Jesús Hernández, de Caguas, le había comunicado a Schlüter que el caso se había señalado para juicio, que éste se había celebrado y que se había dictado sentencia en favor de los demandantes. Hasta que recibió esta información Schlüter no sabía que se hubiera celebrado el juicio ni dictado sentencia o que se hubiese señalado el caso para juicio. Él había sido representado por el licenciado Joaquín Vendrell de San Juan, P. R., quien algún tiempo antes se había retirado del caso y había sido sustituído por los licenciados Dubón y Ochoteco, de San Juan. Inmediatamente después de recibir dicha información, Schlüter se comunicó con sus abogados y les informó lo sucedido, lo cual ellos también ignoraban, y prometieron hacer una investigación. Esa misma tarde tuvieron una entrevista con Francisco Vizcarrondo, abogado de los demandantes, cuya oficina estaba en el mismo edificio y contigua a la de ellos, y Vizcarrondo confirmó lo relativo al juicio y la sentencia. Schlüter y Dubón se habían cerciorado entonces de los hechos mediante un examen de los autos en la oficina del secretario y habían descubierto que en diciembre 24 de 1935 la corte había señalado el caso para verse a las nueve de la mañana de febrero 14 de 1936; que en enero 4 se había notificado a Francisco Vizcarrondo, como abogado de los demandantes, y a Joaquín Vendrell, como abogado de Schlüter; que el juicio se había celebrado en febrero 14, estando presentes los demandantes y su abogado; que se había dictado sentencia en favor de los demandantes en febrero 27; que ésta se había notificado a Joaquín Vendrell, como representante de Schlüter, en febrero 28. Schlüter tenía una defensa buena, justa y meritoria contra la demanda y desde el principio se había defendido diligentemente sin abandonar dicha defensa en ningún momento, la cual sostenía de buena fe y en la firme creencia y convicción de que le asistía toda la razón, participando de esta misma opinión tanto sus actuales abogados como los que le habían venido re-

presentando con anterioridad, después de haberles hecho una exposición completa y detallàda de todos los hechos del caso.

Allá para el día 6 de mayo de 1930, se había iniciado otro pleito bajo el número 15,100, sobre los mismos hechos en que se fundaba la presente acción, en el cual el demandado también se defendió diligentemente y obtuvo una sentencia a su favor en 9 de junio de 1931, que apelada para ante el Tribunal Supremo, fué confirmada en julio 15 de 1932 (43 D.P.R. 826), iniciándose entonces el presente caso. En el caso de autos los demandantes solicitaron un *injunction,* el cual fué denegado por resolución de noviembre 23, 1933. La apelación al Tribunal Supremo había sido desestimada en abril 17 de 1935, y pedida la reconsideración, ésta fué denegada por los fundamentos que aparecen en una opinión dictada en julio 16 de 1935 (48 D.P.R. 863). En todos estos procedimientos Schlüter se había defendido diligentemente y había sostenido sus derechos en la firme creencia y convicción de que le asistía toda la razón, y nunca abandonó su defensa.

Si a Schlüter se le hubiese informado el señalamiento para la vista del juicio, habría comparecido a dicha vista para ofrecer toda la prueba con que contaba en apoyo de sus contenciones y en oposición a las alegaciones de los demandantes. Él siempre había estado listo y dispuesto para presentar su prueba.

Aunque no aparecía de la faz de los autos que Joaquín Vendrell había cesado en su representación de Schlüter y que había sido sustituído por Dubón y Ochoteco—razón por la cual se le había notificado el señalamiento a Vendrell y no a Dubón y Ochoteco— Francisco Vizcarrondo, el abogado de los demandantes, tenía conocimiento personal de que Dubón y Ochoteco eran los abogados de Schlüter. Esto, no sólo porque ellos habían comparecido en representación de Schlüter ante la Corte Suprema (a la vista de la última moción de reconsideración presentada en la apelación interpuesta por los demandantes contra la resolución dictada por la corte de distrito en noviembre 23 de 1933 rehusando la expedición de un auto de *injunction* en el presente caso), sino también, y mucho antes de señalarse la vista del caso, que Dubón y Ochoteco habían comparecido a nombre de Schlüter ante la corte de distrito en otros incidentes iniciados por los demandantes en otro recurso relacionado con la misma finca y basados en los mismos hechos. La ausencia de Schlüter en el juicio se debió a su negligencia excusable y/o a la de sus abogados Dubón y Ochoteco de hacer que figurara en los autos que Vendrell se había retirado del caso y que ellos eran

los nuevos letrados, toda vez que de haberse hecho eso, el secretario habría notificado a los abogados de Schlüter que el caso había sido señalado, y él hubiera acudido a juicio y habría podido presentar su prueba en oposición a la reclamación de los demandantes. Vizcarrondo nunca informó a los abogados de Schlüter hasta el día antes de radicarse la moción del demandado que el caso había sido señalado, aunque los vió y se encontró con ellos diariamente, y no obstante las visitas mutuas que se hacían y las conversaciones frecuentes que sostenían en sus respectivas oficinas.

Schlüter estaba dispuesto a pagar todos los gastos incurridos por los demandantes como resultado de su comparecencia acompañados de su letrado en el juicio celebrado el 14 de febrero de 1936, así como cualesquiera costas que la corte pudiera imponerle como condición previa a cualquier orden que pudiera dictar dejando sin efecto su sentencia.

Si a Schlüter no se le daba la oportunidad de presentar la prueba que tenía en su poder para sostener sus contenciones y en oposición a la de los demandantes, él sería grandemente perjudicado en sus derechos y sería privado de una propiedad que le había costado no menos de $12,000; esto, además de otras responsabilidades impuéstasle por la sentencia y en adición de todos los gastos incurridos por él en su defensa, desde que se inició el primer recurso allá para el 6 de mayo de 1930.

Durante la vista de la moción presentada por el demandado, Vendrell declaró, en síntesis, lo siguiente:

Actuó como abogado de Schlüter en el caso número 16,859, intitulado *José González Reyes y Juana Reyes Torres* v. *Manuel González et al.*, hasta abril, mayo o junio de 1935. Desde junio de 1935 no ha intervenido en el caso. En mayo o junio Schlüter le dijo por teléfono que toda vez que no le podía pagar ningunos honorarios, el licenciado Franco se había ofrecido voluntariamente para llevarle el caso y le solicitó que le entregara los papeles a Franco. El testigo le manifestó que no tenía objeción alguna. Como una hora más tarde Schlüter y Franco se presentaron en su oficina y después de una conversación breve el testigo les entregó todos los papeles que estaban en su poder junto con el escrito ·renunciando la representación de Schlüter como abogado de récord. Franco le llamó la atención hacia el hecho de que el juicio estaba señalado para dentro de dos días y a que no tendría tiempo suficiente para estudiar el caso. El testigo le indicó que

debía ver a Vizcarrondo para que suspendiera la vista. Entonces el testigo llamó a Vizcarrondo por teléfono y le anunció que había preparado y firmado un escrito renunciando la representación de Schlüter y le suplicó que se allanara a la suspensión porque Franco no tenía tiempo suficiente para estudiar los hechos y preparar la prueba. Vizcarrondo contestó que era imposible acceder a su petición porque el caso ya se había suspendido dos veces y tenía interés en que se viera definitivamente en su fondo. El testigo insistió y Vizcarrondo le sugirió que le dijera a Franco que pasara por su oficina, que ya se entenderían. Schlüter y Franco salieron y el testigo no sabe lo que sucedió después. Como a los quince o veinte días de eso el testigo se enteró de que la corte había suspendido la vista del caso, previo pago de costas por Schlüter. Dos o tres días más tarde se le presentó Dubón para que le hiciera una breve relación de los hechos porque él había asumido la representación de Schlüter en el caso. Que Franco renunciaba o no podía atenderlo por haber conseguido una colocación en la P.R.R.A. o en algún organismo del Nuevo Trato. Pocos días después se señaló en el Tribunal Supremo la vista de una moción de reconsideración presentada por Vizcarrondo—la reconsideración de una resolución dictada por el Tribunal Supremo en el recurso interpuesto contra una orden de la corte de distrito en un procedimiento de *injunction*. Entonces el testigo le indicó a Dubón que no debía comparecer a la vista de esa moción de reconsideración porque él entendía que el Tribunal Supremo había sido consentido (sic) en este caso y que eso estaba de más. Dubón le contestó que era necesaria la comparecencia porque se habían planteado ciertas cuestiones y la moción se había declarado con lugar. Como un mes después, Vizcarrondo había hablado con el testigo sobre el caso en varias ocasiones, mencionándole el hecho de que había habido muchos cambios de abogados y que ahora no sabía "si era Francis o quién era"; pero que tenía conocimiento de que ya el testigo no era abogado de récord de Schlüter, porque sabía que el testigo no había podido lograr que él accediera a la suspensión del juicio ya que era otro abogado el que iba a asumir la representación de Schlüter. Desde entonces el testigo no había sabido más del caso hasta ahora. No había sido notificado de que el caso estuviera señalado para juicio. Si el testigo hubiera sabido de la notificación o hubiera recibido el aviso, le hubiera informado a Dubón o a Schlüter o tal vez habría remitido a Schlüter el aviso; toda vez que él no tenía interés en retenerlo, ya que no era abogado en el caso. El procedimiento de *injunction* fué iniciado en el mismo caso, como parte del mismo récord.

Francisco Vizcarrondo declaró como testigo. La médula de su declaración es la siguiente:

Después del 6 de junio de 1935 Vendrell no ha hablado con el testigo sobre este caso ni sobre ninguno otro entre Schlüter y los demandantes en el presente caso. El 6 de junio de 1935 Vendrell lo llamó por teléfono y le informó que Franco estaba allí, quien había ido a discutir con él sobre la vista de dos casos de *injunction* que habrían de verse al día siguiente. Vendrell solicitó una nueva suspensión de la vista. En esa ocasión Vendrell no dijo al testigo que había renunciado la representación de Schlüter. El testigo contestó a Vendrell que la semana anterior, a fin de que Franco se pusiera de acuerdo con Vendrell, había concedido una suspensión en los mismos casos, cuya vista iba a tener lugar la semana antes, el 30 de mayo, y que el caso había sido señalado luego para el 7 de junio; que el 6 de junio Franco volvió a la oficina del testigo y le informó que no había podido ponerse de acuerdo con Vendrell y solicitó una nueva suspensión, a lo cual el testigo contestó que a esto no podía acceder, pero que él no tenía inconveniente de que a la vista del día siguiente fuesen Vendrell y Francis, a quien también mencionó Franco. Franco manifestó entonces al testigo que vería a Vendrell para ponerse de acuerdo y ver entonces de concurrir ambos. Entonces, como a medio día, Vendrell llamó al testigo por teléfono; que después de eso el testigo y Vendrell no se han cruzado una sola palabra más en relación con el asunto. El testigo no tiene conocimiento fijo de quién habría de ser el abogado que habría de representar a Schlüter en la vista del 14 de febrero, debido a los innumerables y constantes cambios de abogado en este caso y en otros en relación con éste.

Conforme se indica en el caso de *Fernández v. Pescay,* 26 D.P.R. 808, 813:

"En el caso de *Gutiérrez v. Foix,* 23 D.P.R. 73, 75, al interpretar el artículo 140 del Código de Enjuiciamiento Civil, citamos con aprobación de un caso de California lo siguiente:

" 'Éste es un precepto reparador, y, de acuerdo con las prescripciones del artículo 4 del propio código el cual exige que sea liberalmente interpretado con el fin de que se cumplan sus fines y promueva la justicia, se observa mejor resolviendo los casos por sus méritos sustanciales más bien que atendiendo estrictamente a las reglas técnicas de procedimiento. La discreción de la corte debe

siempre ser ejercitada de conformidad con el espíritu de la ley y de tal modo que más bien ayude que impida o destruya los fines de la justicia, considerando los meros tecnicismos como obstáculos que han de ser vencidos más bien que como principios a los cuales ha de darse efecto en derogación del derecho sustancial'.''

. En *Sierra* v. *P. Longo & Co.*, 45 D.P.R. 807, 811, este tribunal dijo:

"El caso está en la línea. El error del abogado lo sufre la parte. Ésa es la regla. De otro modo serían interminables los litigios. Pero hay casos extraordinarios en que es tan evidente el error y la cuestión envuelta tan técnica y se está tan al principio del pleito, que no dar una oportunidad de ir a los méritos, constituiría una notoria injusticia cuya comisión debe evitarse mientras sea posible.

"En cuanto al tercer error, nuestro criterio es distinto. Existe a nuestro juicio. Algo debe sufrir la parte que obtiene el beneficio. El demandante hizo uso de un derecho que la ley y la jurisprudencia le reconocen de consuno al pedir la anotación de rebeldía y registro de la sentencia, y al sostener luego el reconocimiento de su derecho por parte del secretario y de la corte. Pudo la corte de distrito y debió, dadas las circunstancias que en el caso concurren, imponer como condición para acceder a lo solicitado el pago de una suma razonable—cincuenta dólares, a nuestro juicio—como reintegro de las costas, gastos y honorarios de abogado en que incurriera el demandante."

El juez de distrito declaró sin lugar la moción de Schlüter por no aparecer justa causa. No discutió los hechos ni adujo los motivos que tuvo para llegar a la conclusión a que llegó de que los hechos que tenía ante sí eran insuficientes para justificar la reapertura del caso.

Tomando todo en consideración, estamos convencidos de que el caso presentado por Schlüter en apoyo de su moción era suficiente y de que el juez de distrito, en ejercicio de una sana discreción judicial, según se indica en los casos de *Gutiérrez* v. *Foix*, supra, *Fernández* v. *Pescay*, supra, y *Sierra* v. *P. Longo & Co.*, supra, debió haber dejado sin efecto la sentencia, pero, desde luego, sujeto a ciertas condiciones.

Schlüter solicitó de la corte de distrito que reconsiderara su sentencia. La moción fué declarada sin lugar debido a que ya se había apelado de la sentencia.

El presente recurso ha sido interpuesto contra la sentencia y contra la orden declarando sin lugar las dos mociones de Schlüter. La sentencia fué dictada por un juez y las dos mociones fueron declaradas sin lugar por otro. La moción de reconsideración se basó en tres motivos distintos. Por lo menos dos de estos fundamentos nunca fueron traídos ante el juez que dictó la sentencia. El juez que declaró sin lugar la moción de reconsideración no pasó sobre los méritos de la misma. Es preferible que tales cuestiones sean resueltas en primera instancia por las cortes de distrito. Por este motivo y en vista de la conclusión a que ya hemos llegado respecto a haberse declarado sin lugar la moción para que se dejara sin efecto la sentencia, no es menester que discutamos ahora otras cuestiones levantadas en el señalamiento de errores.

*La resolución que declaró sin lugar la moción para dejar sin efecto la sentencia de febrero 27 de 1936 debe ser revocada; dicha sentencia será dejada sin efecto y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión—todo ello a condición de que Schlüter, dentro del término de diez días contado a partir de la fecha en que se radique el mandato en la corte de distrito, deposite en la oficina del secretario de dicha corte, para ser entregada a los demandantes o a su letrado, la suma de $400; de lo contrario la orden declarando sin lugar la moción para dejar sin efecto la sentencia será confirmada y la sentencia subsistirá sujeta a condición ulterior y determinación final de las cuestiones envueltas en el recurso interpuesto contra tal sentencia y contra la orden declarando sin lugar la moción de reconsideración.*